### 5652. HILL v. DRISKELL.

1. Under section 3556 of the Civil Code, one who has signed a promissory note apparently as maker may show that his real liability is merely that of a surety; but to do this he must rebut the presumption that the liability of the signers is truly evidenced by the writing. The fact that a payee of a note received all the proceeds arising upon its transfer to an innocent purchaser is not sufficient to support an inference that an ostensible maker of the note was only a surety.

2. Since no other verdict than that directed could legally have been reached by the jury, the direction of the verdict was harmless to the defendant, and therefore was not error.

DECIDED DECEMBER 22, 1914.

Complaint; from municipal court of Atlanta. April 6, 1914.

*T. J. Ripley,* for plaintiff in error. *M. W. Bullock,* contra.

RUSSELL, C. J. Driskell, claiming to be an innocent purchaser, before maturity, of the promissory note which was the subject of the suit, brought his action against J. S. Rivers, C. C. Wimbish, and John T. Hill. At the conclusion of the evidence the judge directed the jury to find a verdict in favor of the defendants Rivers and Wimbish, upon their pleas that their signatures to the note were forgeries, and to return a verdict against the defendant Hill.

The suit was upon an unconditional contract in writing, and the action of the judge in directing a verdict was harmless to Hill, the plaintiff in error. Hill pleaded that the plaintiff was not an innocent purchaser before maturity, for the reason that the note was not transferred until after its maturity, and that there was a total failure of consideration, for the reason that Hill received nothing of value thereon. However, the plaintiff swore positively that he purchased the note in good faith before its maturity, paying $10 less than its face value; and Hill did not take the stand to controvert this statement. So that there could have been but one finding upon this issue. The allegations of the defendant's answer do not constitute a distinct plea of suretyship, but even if the statement that the note was executed only for the specific purpose of being discounted for the benefit of a lodge or insurance society, and that Thomas (the original payee of the note) failed to do this and used the note for a fraudulent purpose, could be construed as a plea setting up mere suretyship on the part of Hill, there was no evidence whatever to support this contention.

It was insisted by counsel for the plaintiff in error, both in the court below and in this court, that the record raised a jury question

on the point of suretyship, and that for this reason the judge erred in directing a verdict. Counsel's insistence is that since Hill's name appears to have been signed below that of Rivers and Wimbish, it is to be presumed that he was merely a surety, especially since Driskell testified that all the money arising from the note was paid to Thomas. As a matter of law, the presumption is to the contrary. Under a statutory provision peculiar to this State, it is always in the power of an ostensible maker of a promissory note to plead and prove that his real relation to the instrument in question was one of suretyship only. Civil Code, § 3556. In the majority of our sister commonwealths one signing a promissory note as a maker will not be heard to dispute his liability as a maker. In this State, but for the provisions of the code section above referred to, it would be held that the introduction of parol proof to show that one purporting to sign as a maker was in fact merely a surety would violate the well-settled rule that parol evidence is inadmissible to vary the terms of a written contract; and the courts in most jurisdictions refuse to hear evidence of the fact that one whom a writing discloses to be a maker is in fact a mere surety, upon the ground that such evidence tends to alter the written instrument. As has heretofore been pointed out by this court, the Georgia rule rests primarily upon the reason that where there is in fact a contract of suretyship and this is made to appear, the relative rights of the makers inter sese can be fixed and the surety given his right of subrogation generally without affecting the rights of the holder of the note. If one who is in fact a surety, though apparently one of the makers of a promissory note, permits a judgment to be rendered against him as maker when it is in his power to cause the judgment to be entered against him merely as a surety, and then pays the judgment, he must content himself with contribution from his co-obligor, instead of being subrogated to all the rights of the original plaintiff. Under the provisions of section 3556 of the Civil Code, it was the right of the defendant Hill to introduce evidence to rebut the presumption that he was maker (which naturally arose from his having signed the instrument without qualification or limitation of his liability), by introducing proof sufficient for that purpose; but there is no such evidence in the record. The circumstance that the $140 which was given for the $150 note was paid to Thomas would not authorize the jury to infer

that there was an express contract of suretyship between Thoma:
and Hill; and the evidence was undisputed that no other person
besides these entered or signed the contract. Rivers and Wimbish
each filed a plea of forgery, and their evidence in support of this
plea was uncontradicted, but Hill did not deny that he signed the
note. In view of the fact that it was not contradicted that the
note was a forgery as to Wimbish and Rivers, Hill might have been
released from liability if he had established even circumstantially
the fact of suretyship, but he was no doubt hampered by the fact
that Thomas had died, the suit was proceeding in behalf of a trans-
feree of the decedent, and the nature of the testimony delivered by
Wimbish and Rivers precluded any possibility of their knowledge
of Hill's relation to the obligation which he did not deny he had
signed. In the absence of any proof to rebut the presumption that
Hill signed the note as maker, the jury would not have been au-
thorized to find any other verdict than that directed.

*Judgment affirmed.*